**FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------X
In re:                                                                   Bankruptcy Case No. 14-22191

Edward Benjamin and Monica Paylor                       Chapter 7

                      Debtors.                                       Hearing Date: December 5, 2017
------------------------------------------------------------X

# OPINION

**APPEARANCES**

Attorney for Debtors
Paul H. Young, Esquire
Young Klein and Associates, LLC
3554 Hulmeville Road, Suite 102
Bensalem, Pennsylvania 19020

Attorney for Chapter 7 Trustee
Andrea Dobin, Esquire
Trenk DiPasquale Della Fera and Sodono
427 Riverview Plaza
Trenton, New Jersey 08611

**HONORABLE KATHRYN C. FERGUSON, USBJ**

This matter comes before the court on the Chapter 7 trustee's motion for reconsideration of an order overruling her objection to Debtors' amended exemptions.[1] For the reasons stated, the Trustee's motion is GRANTED.

Factual background

The Debtors filed a voluntary Chapter 7 petition on June 12, 2014. Less than two years prior to that, Monica Paylor filed a personal injury lawsuit. The Debtors did not disclose the lawsuit in their schedules or Statement of Financial Affairs. The Chapter 7 trustee filed a report of no distribution, and the case was closed in November 2014.

In January 2017, Monica Paylor executed a Settlement Statement regarding the personal injury action that reflected an anticipated net recovery to her of $19,642.63. The Debtors did not inform the Trustee of the settlement or amend their schedules. In March 2017, a third party brought the settlement to the attention of the Trustee, who moved to reopen the bankruptcy case. Four months after the Trustee filed her motion to reopen the case, the Debtors filed amended schedules listing the personal injury suit as an asset and claiming an exemption in the proceeds of the lawsuit in the full amount of the anticipated recovery. Ultimately, the Trustee was able to settle the lawsuit for a net recovery to the estate of $37,817.63. A month after the Trustee noticed the settlement, the Debtors filed another amended Schedule C asserting an exemption in the personal injury claim of $35,700. The Trustee objected to the amended exemption, but the court overruled the objection. The Trustee asks for reconsideration of that ruling.

---

[1] This opinion supplements an oral opinion issued at the hearing on December 5, 2017.

Conclusions of law

There is no express authority in the Federal Rules of Civil Procedure or Bankruptcy Procedure for filing a motion to reconsider an order entered as a result of a motion.[2] Most bankruptcy courts[3] will, however, consider such motions under Federal Rule of Civil Procedure 59(e), which governs motions to alter or amend a judgment, made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 9023. This motion for reconsideration was unquestionably timely filed: the order at issue here was entered on November 7, 2017, and this motion was filed the next day.[4]

The standards governing a motion for reconsideration are well-settled in the Third Circuit. A motion for reconsideration may be granted only where (i) there has been an intervening change in controlling law; (ii) new evidence has become available; or (iii) there is a need to prevent manifest injustice or to correct a clear error of fact or law.[5] As a basis for reconsideration, the Trustee asserts a change in the controlling law. The Trustee cites for the first time two cases, decided less than a month before the initial matter was argued, that support her position, although neither is binding Third Circuit precedent. The court's own research uncovered a third case addressing this issue decided just after the initial matter was argued, but that case was also not binding Third Circuit precedent. So, while it is certainly accurate to say that this question of law is in flux, it is not accurate to say there has been an intervening change in the controlling law. Nonetheless, motions for reconsideration are committed to the discretion of the court, and their purpose is to strike the proper balance between

---

[2] 12 Moore's Federal Practice, § 59.30[7] (Matthew Bender 3d ed.)
[3] *See, e.g., In re Energy Future Holdings Corp.*, 575 B.R. 616 (Bankr. D. Del. 2017)
[4] Rule 9023 provides that a motion "to alter or amend a judgment shall be filed … no later than 14 days after entry of judgment."
[5] *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)

3

finality and justice. Therefore, the court finds it appropriate to consider this request for reconsideration because this developing legal issue is a matter of first impression for this court and apparently in this District.

The issue before the court is how to reconcile Rules 1009(a)[6] and 9006(b)(1)[7] with the Supreme Court's holding in *Law v. Siegel*.[8] This court overruled the Trustee's objection to the Debtors' amended exemptions because the cases cited by the Trustee failed to adequately address how to reconcile *Law v. Siegel* with her position. The Trustee has now cited the court to two recent bankruptcy court cases, *Dollman* and *Awan*, that do precisely that.[9] In *Dollman* the bankruptcy court reviewed the three approaches to the application of Rule 1009(a) in a reopened case. The broad approach allows a debtor to amend schedules in reopened cases as a matter of course without limitation. The narrow approach disallows all amendments in reopened cases. The middle approach, adopted in both *Dollman* and *Awan*, applies Rule 9006(b)(1) and allows a debtor to amend schedules in a reopened case only if the debtor establishes that the failure to amend before the closure was the result of excusable neglect. For the following reasons, this court adopts the middle approach.

An analysis of this issue must begin with *Law v. Siegel* and an understanding of the precise parameters of the Supreme Court's ruling. The issue in *Law v. Siegel* was whether a trustee could surcharge a debtor's homestead exemption for his legal fees incurred in litigating the debtor's fraudulent claim that the property was fully encumbered. The Supreme Court found

---

[6] Fed. R. Bankr. P. 1009(a) provides that a "voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed."
[7] Fed. R. Bankr. P. 9006(b)(1) provides that the court may enlarge certain time periods "on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."
[8] 134 S. Ct. 1188 (2014)
[9] *In re Dollman*, 2017 WL 4404242 (Bankr. D.N.M. Sept. 29, 2017); and *In re Awan*, 2017 WL 4179816 (Bankr. C.D. Ill. Sept. 20, 2017)

that the bankruptcy court exceeded its statutory authority in permitting the surcharge because exempt assets may not be used to pay administrative expenses. The Court noted that fraud was not one of the reasons enumerated in section 522 for denying an exemption; therefore, courts may not resort to section 105 in contravention of another section of the Code.

The holding in *Law v. Siegel* has limited application to the situation at hand. It is the Court's dicta in the case that debtors cite in seeking to amend exemptions in reopened cases. The Court stated:

> Siegel points out that a handful of courts have claimed authority to disallow an exemption (or to bar a debtor from amending his schedules to claim an exemption, which is much the same thing) based on the debtor's fraudulent concealment of the asset alleged to be exempt. He suggests that those decisions reflect a general, equitable power in bankruptcy courts to deny exemptions based on a debtor's bad-faith conduct. For the reasons we have given, the Bankruptcy Code admits no such power … federal law provides no authority for bankruptcy courts to deny an exemption on a ground not specified in the Code.[10]

Notable for the purposes of this analysis is what *Law v. Siegel* did not address: 1) the meaning of the phrase "at any time before the case is closed" in Rule 1009; and 2) the application of Rule 9006 in reopened cases.

Different interpretations of the phrase "at any time before the case is closed" in Rule 1009 is what distinguishes the three approaches to this issue. Courts that adopt the broad approach treat reopened cases the same way as cases that were never closed.[11] The logical flaw in that approach is that it renders the phrase "at any time before the case is closed" a nullity.[12] It

---

[10] 134 S. Ct. at 1196-97 (internal citations omitted)
[11] The court notes that many of the cases adopting the broad approach were decided prior to *Law v. Siegel* and held that just because an amendment can be made at any time in a reopened case does not mean that the amended exemption will be allowed if there is bad faith. *See, e.g., In re Goswani*, 304 B.R. 386 (9th Cir. BAP 2003).
[12] *See, e.g., In re Smith*, 2014 WL 7358808 (Bankr. D.N.M. Dec. 24, 2014)

is a foundational rule of statutory interpretation that, whenever possible, every word in a statute should be accorded meaning.

Admittedly, striving to give effect to every word in Rule 1009 is also what motivates the courts that adopt the narrow approach. As stated by the bankruptcy court in *Bartlett*, to argue that there is a right to amend schedules in a reopened case:

> ignores the plain language of Rule 1009(a), which imposes a limitation on the right to amend, and effectively eliminates the words "before the case is closed" from the rule. If the drafters had wanted to allow amendments "at any time," "at any time the case is open," or "unless the case is closed," they would have said so. Instead, they chose "at any time before the case is closed." Those words have meaning and to give them their proper effect requires the court to recognize that the act of closing a case terminates the right to amend. Otherwise, the desire to amend the schedules becomes cause to reopen the case and, once the case is reopened, Rule 1009 would allow the schedules to be amended because the case is not closed. [ ] Such a circular interpretation would render the rule's limitation completely illusory and, therefore, meaningless. Words have meaning and, when confronted with that meaning, one should not engage in creative interpretative techniques to try and make them say something other than what they plainly do.[13]

While this court agrees with the statutory interpretation in *Bartlett*, such an all-or-nothing approach fails to address the possible impact of Rule 9006.

Rule 9006(b)(1) permits a bankruptcy court to consider motions to expand certain time periods even after the specified period has expired. In a reopened case the specified time period to amend schedules has inarguably expired, but this court perceives no valid reason to treat Rule 1009's time period differently than other time periods in the Bankruptcy Code and Federal Rules of Bankruptcy Procedure. Rule 9006(b)(2) lists the rules for which the enlargement of the specified time period is not permitted, and Rule 1009 is not one of those rules. Applying Rule 9006(b)(1) to regulate the ability of a debtor to amend schedules in a reopened case would not be ignoring the limiting language of Rule 1009. Such an approach simply recognizes that a debtor in

---

[13] *In re Bartlett*, 326 B.R. 436, 439 (Bankr. N.D. Ind. 2005)

an open case may amend schedules without leave of the court, but in a reopened case a debtor must file a motion to enlarge the time to amend, and such motion must meet Rule 9006(b)(1)'s excusable neglect standard.

Importantly, the court finds that this "middle approach" does not run afoul of the dicta in *Law v. Siegel*. The Court's statement that bankruptcy courts do not have the equitable power to deny an exemption when it is not statutorily based does not preclude courts from applying valid procedural rules. That, of course, assumes that Rule 9006 is a valid procedural rule. To be considered valid, a procedural rule must not "abridge, enlarge, or modify any substantive right."[14] There is a strong presumption that any bankruptcy rule adopted by the Supreme Court does not run afoul of that Congressional mandate.[15] Rule 9006 regulates the process for computing, extending, or reducing the time periods provided for in rules, orders, or statutory sections. The application of procedural rules frequently has substantive effects, but "[w]hat matters is what the rule itself regulates: If it governs only the manner and the means by which the litigants' rights are enforced, it is valid …."[16] Applying that test, the court finds that Rule 9006 is a valid procedural rule.

This court finds that "an objection predicated on noncompliance with Bankruptcy Rules is analytically distinct from an objection that bad faith conduct justifies a sanction…."[17] A debtor's conduct obviously comes into play in determining excusable neglect, but as the *Awan* court stated "such is the consequence of applying the Rule itself rather than the exercise of any equitable powers."[18]

---

[14] 28 U.S.C. § 2075
[15] *In re Moralez*, 618 F.2d 76 (9th Cir. 1980); *In re Decker*, 595 F.2d 185 (3d Cir. 1979)
[16] *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 407 (2010)
[17] *In re Baker*, 514 B.R. 860, 864 (E.D. Mich. 2014), aff'd, 791 F.3d 677 (6th Cir. 2015)
[18] *In re Awan*, 2017 WL 4179816 at *3 (Bankr. C.D. Ill. Sept. 20, 2017)

For the foregoing reasons, the motion for reconsideration is granted and the amended schedules [Doc. 43 and Doc. 53] are stricken. The Debtors may, if they choose, file a motion for leave to file an amended Schedule C. Before doing so, it might be prudent for the Debtors to discuss settlement with the Trustee, because excusable neglect may be difficult to establish on this record.

Dated:  January 19, 2018                    */s/ Kathryn C. Ferguson*
                                                    KATHRYN C. FERGUSON
                                                    US Bankruptcy Judge